IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD PETERSEN,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 12–125–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation in this case on August 10, 2015, recommending that Petitioner Ronald Petersen's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be dismissed. (Docs. 66–67.) Petersen timely objected to the Findings and Recommendation. (Doc. 70.)

Judge Lynch addressed Petersen's claims in two documents that together compose the Findings and Recommendation. This Order is limited to review of one document. (Doc. 66.) Because Petersen does not object to Judge Lynch's analysis within this document, the Court reviews for clear error. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d

1

1309, 1313 (9th Cir. 1981).

Petersen's Petition for Writ of Habeas Corpus is grounded in allegations of ineffective assistance of trial counsel. Petersen brings three claims: (1) trial counsel were ineffective in failing to challenge the validity of the arrest warrant; (2) trial counsel were ineffective in failing to challenge the admissibility of evidence on the ground that the evidence was gained through coercion; and (3) trial counsel were ineffective in counseling him to plead guilty.[1] Analysis within this Order is limited to the portion of the Findings and Recommendation relating to the second and third claims. For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendation regarding Petersen's claims (2) and (3). (Doc. 66.)

The Court will recite the factual and procedural background of this case only as necessary to explain its reasoning. In January 2009, Petersen pled guilty to deliberate homicide in the death of Clyde Wilson, who was shot and killed in his sleep. Petersen is currently serving a 100-year sentence.

## I. Claim (2)

Petersen argues that he is entitled to habeas relief because his trial counsel were ineffective in failing to challenge the admissibility of his statements and the

---

[1] Petersen was represented by two public defenders.

fruits of the search of his barracks room. He alleges that "he was unlawfully coerced into making inculpatory statements" and that "members of the Lake County Sheriff's Department threatened to arrest his friends and family if he did not confess to Wilson's homicide." (Doc. 39 at 29.) Judge Lynch recommended this claim be denied. The Court finds no error in this recommendation.

Petersen's second claim fails to allege a valid federal right to relief. His claim for ineffective assistance of counsel cannot succeed because he can show neither "that counsel's performance was deficient" nor that "counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, trial counsel's performance was not deficient because Petersen presents no viable argument in support of his claim of coercion. Petersen's statement was not coerced; it was "the product of [his] essentially free and unconstrained choice." *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973) (citation omitted).

Petersen makes no claim that he confessed because of threats made to him or his friends or family. The totality of the circumstances demonstrate that Petersen confessed voluntarily: he makes no showing of youth, lack of education, low intelligence, lack of advisement as to his constitutional rights, prolonged detention, repeated or prolonged questioning, or physical punishment. *Id.* at 226

3

(citations omitted). No facts suggest that law enforcement personnel dealt improperly with Petersen. Nor does the record support a finding that Petersen's confession was less than fully voluntary. This claim is denied.

## II. Claim (3)

Petersen argues that his trial counsel were ineffective because his counsel misrepresented facts and law to convince him to plead guilty. Judge Lynch recommended this claim be denied. The Court agrees.

Petersen's third claim does not present a valid claim under federal law. He cannot argue that he was denied the possibility of presenting a defense of justification because the justification Petersen claims–retaliation for an alleged rape–finds no support in the law. No reasonable juror could find Petersen was not guilty of deliberate homicide under any theory of defense, and thus his claim fails. Nor can Petersen claim that his guilty plea was unlawfully coerced. He made the choice to plead guilty, knowing that pleading guilty would lessen the burden on his friends and family members, and knowing that he was waiving his right to appeal a guilty verdict. Petersen's third claim is denied.

Accordingly,

IT IS ORDERED:

(1) Document 66 of Judge Lynch's Findings and Recommendation is

ADOPTED in full.

(2) Claims 2 and 3 of the Amended Petition are DENIED for lack of merit and DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

(3) A certificate of appealability is DENIED as to Claims 2 and 3 of the Amended Petition.

Dated this 26th day of January, 2016.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court