FILED

FEB 29 2016

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD PETERSEN,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 12-125-M-DLC-JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation in this case on August 10, 2015, recommending that Respondents' Motion for Summary Judgment be granted and Petitioner Ronald Petersen's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be dismissed. (Docs. 66–67.) Petersen timely objected to the Findings and Recommendation. (Doc. 70.)

Judge Lynch addressed Petersen's claims in two documents that together compose the Findings and Recommendation. The Court issued an order on January 21, 2016, setting a hearing on the single claim addressed within Document 67 of the Findings and Recommendation. (Doc. 72.) On January 26, 2016, the

1

Court issued a separate order adopting in full Document 66 of the Findings and Recommendation. (Doc. 73.) The hearing on Petersen's sole remaining claim was held on February 11, 2016.

Petersen's only remaining claim is that his trial counsel were ineffective in failing to dispute the validity of the arrest warrant dated January 27, 2008, the day before his arrest. Because Petersen timely objected to Judge Lynch's findings as to this claim, the Court conducts de novo review of the record. 28 U.S.C. § 636(b)(1). For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendation in full.

Petersen was arrested on suspicion of deliberate homicide in early 2008. He does not dispute that probable cause for his arrest existed, but he argues that the arrest warrant was not signed by a neutral and detached magistrate before his arrest. Petersen was represented by two trial defense attorneys, neither of whom disputed the validity of the arrest warrant. On January 2, 2009, Petersen entered into a plea agreement, and a change of plea hearing was held shortly thereafter.

I. **DISCUSSION**

Petersen brings a Sixth Amendment Claim for ineffective assistance of counsel, arguing that counsel's failure to challenge the validity of his arrest warrant led him to accept a plea rather than go to trial. Judge Lynch recommended

the Court grant judgment in the State's favor on Petersen's claim that trial counsel were ineffective in failing to dispute the validity of the arrest warrant. Judge Lynch determined that effective counsel would have investigated the warrant, which was deficient on its face, but that the error was inconsequential because the warrant was in fact valid. Petersen objects, arguing that no valid warrant existed at the time of his arrest and that an evidentiary hearing is necessary to fully develop the record. The Court disagrees, determining that the record is sufficiently developed and that summary judgment is appropriate.

Assuming that Petersen's trial counsel's performance fell below an objective standard of reasonableness, Petersen cannot show that there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Petersen has failed to meet his burden of showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petersen has consistently maintained that Judge Christopher did not sign an arrest warrant for his arrest before he was taken into custody by Fort Bragg military police. He argues that effective trial counsel would have discovered the

warrant's invalidity and successfully moved to suppress his confessions. However, there is no reasonable probability that Petersen would have gone to trial had counsel moved to suppress Petersen's confessions on the basis of the arrest warrant's invalidity. His arguments are unavailing for at least two reasons. First, his trial counsel would not have been able to suppress his statements. And second, although Petersen's confessions are highly inculpatory, the weight of the other evidence against Petersen is so great that it is unlikely he would have gone to trial even had the confessions been suppressed.

### A. Validity of the Warrant

Petersen claims that because the arrest warrant was not signed by a neutral and detached magistrate before his arrest, effective trial counsel would have successfully moved to suppress his confessions as the fruits of a procedurally invalid arrest. In objecting to Judge Lynch's Findings and Recommendation, Petersen argues that the Court cannot accurately determine whether a valid arrest warrant was issued because the record is insufficiently developed. He filed his petition before this Court on July 11, 2012, and he has been represented by counsel since August 20, 2014. Both parties have had extensive opportunities to develop the record. In fact, Judge Lynch expressly directed the parties to do so on several occasions. Because Petersen has failed to meet his burden of showing the

existence of a genuine dispute of material fact, summary judgment is appropriate.

The warrant appears to be valid. There is no dispute that probable cause to arrest Petersen existed, and the facts establishing probable cause were clearly communicated to Judge Christopher in the search warrant applications presented to her on January 27, 2008. An arrest warrant dated January 27, 2008 has been produced before this Court. The same warrant was faxed to a North Carolina number within 48 hours of Petersen's arrest. Hours before Petersen's arrest, the existence of a warrant was verified by the Lake County officer who entered Petersen's record into the National Crime Information Center database and by the individual at Fort Bragg who pulled Petersen's record from the database.

Petersen has not produced "sufficient probative evidence to permit a finding [in his favor] based on more than mere speculation, conjecture, or fantasy." *Radwan v. Cnty. of Orange*, No. SACV 08–0786 AG, 2010 WL 3293354, at *10 (C.D. Cal. Aug. 28, 2010) (quoting *O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464, 1467 (9th Cir. 1986)). Petersen's argument is wholly speculative: he argues that because the warrant references an information that cannot be located over eight years later, the information never existed and either Judge Christopher backdated the warrant or someone else fabricated it. What Petersen raises is not a

genuine dispute of material fact but speculative theories insufficient to defeat summary judgment.

**B.     Prejudice**

Even if trial counsel would have been successful in moving to suppress Petersen's claims, summary judgment for the State is appropriate because Petersen has failed to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petersen claims that he would have gone to trial had his statements been suppressed on the grounds that they were the product of an illegal arrest. To establish the second *Strickland* prong of prejudice, however, Petersen must do more than simply tell the Court that he can establish prejudice. Rather, he must demonstrate that suppression of the statements "would have led counsel to change its recommendation as to the plea," which "in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id*. Petersen cannot do so because, after subtracting his confessions, the evidence against him was great.

Petersen's statements are highly inculpatory. He makes clear that not only did he kill Wilson but that he felt no remorse for the killing. As damning as his own statements are, however, their removal from the case leaves the State with a

mountain of evidence against him. Effective trial counsel would not have changed the recommendation to accept the plea, especially given Petersen's frequently articulated objective of wanting to accept responsibility to save his friends and family members from any criminal liability.

When Petersen pleaded guilty, the State had, at the very minimum, the following evidence against him: four individuals' description of Petersen's anger about law enforcement's non-prosecution of Wilson for his alleged assault upon a 13-year-old girl; Wilson's girlfriend's description of the shooter as similar in height and stature to Petersen; Petersen's brother, Ryon's report to detectives that Petersen admitted to the murder; Ryon's report of facts unknown to the general public; Petersen's other brother, Loren's statement to police, including Petersen's admission to the murder and additional facts unreported to the public; Zach's admission that he loaned a now-missing .45 caliber pistol to Petersen; a match between the gun Zach loaned to Petersen and the shell casings found at the scene; the case to the .45 caliber pistol, a test-firing casing, and a holster all found in Zach's home; a ski mask matching the description provided by Wilson's girlfriend; and a letter from Petersen to Wilson's 13-year-old alleged victim, also found in Zach's home. The evidence weighs heavily in favor of Petersen's guilt,

and effective trial counsel could reasonably recommend a defendant facing this evidence accept the plea rather than go to trial.

Petersen cannot show that suppressing his claims would have created a likelihood of success on any of the defenses he could have potentially brought at trial: mitigation, innocence, or self-defense. Mont. Code Ann. §§ 45–3-102, 45–5-102, 45–5-103. Petersen did not object to the Findings and Recommendation as to Judge Lynch's determination that Petersen could not have succeeded in a mitigation defense. (Doc. 66 at 11.) As noted above, the State could have presented substantial evidence on all elements of deliberate homicide, making acquittal highly unlikely. And no facts suggest that Petersen could successfully show self-defense when Wilson's shooter entered Wilson's home in the middle of the night to fire four shots at him from point-blank range while he was sleeping.

Further, the facts suggest that Petersen would have rejected trial counsel's suggestion to go to trial, had that suggestion been made. "Prejudice does not generally exist when a defendant chooses to plead guilty." *Smith v. Mahoney*, 611 F.3d 978, 991 (9th Cir. 2010). Petersen "strongly and repeatedly insisted on pleading guilty," *Id.* (citation omitted), making it "highly unlikely that his attorney could have provided any information which would have dissuaded him[,]"

*Lambert v. Blodgett*, 393 F.3d 943, 980 (9th Cir. 2004). Between his arrest and sentencing, Petersen repeatedly stated that he wanted to accept responsibility for Wilson's death to avoid prosecution of his friends and family members. At sentencing, Petersen clearly communicated his lack of remorse for the homicide and his simultaneous desire to accept the consequences of what he determined to be a righteous killing. Petersen has failed to show prejudice, and his petition must be denied.

## C. Certificate of Appealability

Petersen has not "made substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. Here, where there is no genuine dispute of material fact and the legal issues are well-established, there are neither close questions nor reason to encourage further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability is unwarranted.

Accordingly,

IT IS ORDERED:

(1) The Findings and Recommendation (Docs. 66 and 67) are ADOPTED in full.

(2) The State's motion for summary judgment (Doc. 57) is GRANTED.

(3) Claim 1 of the Amended Petition (Doc. 39) is DENIED for lack of

merit.

(4)　A certificate of appealability is DENIED.

(5)　The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

Dated this 29th day of February, 2016.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court